DANIEL S. JONES, ADMINISTRATOR, ETC., OF DANIEL JONES, DECEASED, *v.* EMORY E. NEWMAN, APPELLANT, IMPLEADED, ETC.

*Execution — the death of the plaintiff after its issue does not suspend its operation — errors in the form of a constable's bond — when the sureties cannot avail themselves of them as a defense — when the justice may adjourn a cause on consent of the attorneys for the parties.*

APPEAL from a judgment of a County Court, affirming a judgment of a justice of the peace.

The action was brought against a constable and the sureties upon his bond, to recover damages for the neglect and failure of the constable to return an execution.

The court at General Term said : " The execution was issued about January ninth. The plaintiff in the original judgment died March tenth. We are referred to no case showing that the death of a plaintiff, while an execution is in the officer's hands, suspends its operation. Indeed, by the old cases, an execution, tested before, might be issued after a plaintiff's death. (*Lansing* v. *McKillop*, 1 Cow., 35.) At any rate, this execution was duly issued.

" This action is based on the failure of the constable to return the execution. (Code, § 3039.) We think that the judgment was sufficiently and properly proved, and the execution was given in evidence and was in due form. The action is against the constable and his bondsmen. The condition of the bond is that the constable shall faithfully discharge the duties of constable and shall account for and pay over all moneys received by him as such constable. It was approved by the supervisor and filed with the town clerk. The form of the bond is not such as is prescribed in chapter 788, Laws of 1872. And one point urged by defendant is that therefore the bond is invalid. Courts have made a broad distinction between bonds given by public officers, and bonds taken by such officers in supposed discharge of their duty. As to the former, courts are liberal; as to the latter strict, in order to prevent oppression. (*Gerould* v. *Wilson*, 81 N. Y., 573; *Village of Warren* v. *Phillips*, 30 Barb., 646.) It was the constable's duty to cause a proper bond with sureties to be executed, approved and filed. He and his sureties were the persons to see that it was in the right form. It would be highly unreasonable that the sureties should now escape liability and thus be permitted to practice a fraud on all who might be injured by the constable's neglect. The act of the sureties in executing the bond has enabled the constable to act as such. And by his negligent act in that capacity, the plaintiffs have been injured. The cases cited are sufficient authority to hold the defendants liable on this bond.

" The defendant Newman insists that jurisdiction was lost by adjournments. The plaintiff, in person, and all the defendants, by Attorney Alanson C. Cowles, appeared October 23, 1882, and issue was joined by all in writing. By consent of all, adjournment was had to December 21, 1882. On that day plaintiff appeared in person, and also Alanson C. Cowles, who had previously appeared for

all defendants, and had sworn to his authority, and on defendants' motion and plaintiff's consent, adjournment was had to January 22, 1882. In a similar way adjournments were had to April 30, 1883, when Francis G. Walters appeared for defendants and swore to his authority, and adjournment was had to June 12, 1883; then an adjournment was had to August 21, 1883, when the case was tried. Now, although Newman did not personally appear, yet there was an appearance for him by one who swore to authority, and the adjournments were by consent. We do not think there was error in this respect.

" The judgment should be affirmed, with costs."

*James B. Olney*, for the appellant.

*Sidney Crowell*, for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J.; BOOKES and LANDON, JJ.

Judgment affirmed, with costs.